```
                    United States District Court
                     District of Massachusetts
_____
                                )
UNITED STATES OF AMERICA,       )
                                )
        v.                      )
                                )   Criminal No.
CHRIS BRYANT,                   )   07-10067-NMG
                                )
        Defendant.              )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Upon remand from the First Circuit Court of Appeals, this Court held a re-sentencing hearing on October 23, 2009, took the matter under advisement and now publishes its ruling.

## I. Background

On September 14, 2007, the defendant, Chris Bryant ("Bryant"), pled guilty to the one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). Due in part to a New York conviction for attempted sale of a controlled substance in 1996 ("the New York conviction"), Bryant was found to be a career offender. The result was a Guideline Sentencing Range ("GSR") of 151 to 188 months. This Court declined, however, to impose a low-end GSR sentence based, in part, on evidence of Bryant's extraordinary effort to rehabilitate himself and because he was providing care for his children. Instead, it imposed a sentence of 90 months imprisonment.

Bryant timely appealed the sentence on a number of grounds. On July 8, 2009, the First Circuit affirmed most of this Court's rulings but vacated Bryant's sentence and remanded the case for re-sentencing, specifically with respect to the verification New York conviction. At the original sentencing, the government was unable to provide a judicial record of the New York conviction because the New York Supreme Court Clerk's office could not locate the case file. Thus, to prove the fact of conviction, the government relied upon 1) a criminal history record maintained by the National Crime Information Center ("NCIC") and the New York State Police Information Network ("NYSPIN") and 2) an incarceration record from the New York Department of Correctional Services ("NYDOCS"). This Court found, by a preponderance of the evidence, that those sources provided sufficient proof of the conviction.

The First Circuit held that ruling erroneous because 1) this Court had failed to inquire into the reliability of evidence used to prove the fact of the New York conviction, see United States v. Bryant, 571 F.3d 147, 153-56 (1st Cir. 2009), and 2) non-judicial records such as those provided did not carry the same presumption of reliability as judicial records. Thus, although the fact of a prior conviction does not necessarily require proof through judicial records, it

> was simply not enough ... to have relied on the
> government's recitation of the sources cited in the PSR

>   without any additional inquiry into [their]
>   reliability....

Bryant, 571 F.3d 154-55.  The First Circuit, however, left to this Court's discretion how to determine the reliability of the subject conviction.  In a footnote, it stated that:

>   We leave it to the district court to decide how best to
>   determine the reliability of the sources the government
>   used to prove the fact of the New York conviction.

Id. at 156 n.6.

**II.  Analysis**

    **A.    The New York Conviction**

To prove the fact of the New York Conviction, the government submits several new documents and an affidavit.  They are: 1) a Certificate of Indictment from the New York Supreme Court, 2) records from the prison in which Bryant was incarcerated upon being convicted of the crime and 3) a sentence and commitment form and a pre-sentence investigation form from the New York Division of Parole.  The government argues that these documents are reliable and that they "demonstrate the accuracy of the previously provided [evidence], as all factual and identifying information matches exactly."

The defendant responds that the new submissions should not be considered because they "exceed the scope of the Court of Appeals' remand".  Specifically, Bryant contends that the remand instruction

>   focuses squarely on the reliability of the sources of

> information already part of the record ... [and does not] invite[] the government to take a "second bite at the apple" [or] authorize[] this Court to consider additional sources of information.

He then discusses the kind of evidence that he believes is required to establish reliability, such as witnesses who would testify about how the criminal history records are compiled and any quality control measures.

Bryant's argument is unpersuasive. While acknowledging that the Court may consider new evidence on remand, Bryant contends that the Court is limited to evidence directly addressing the previously relied-upon sources in the abstract. The remand opinion, however, contains no such restriction. Indeed, its open-ended instruction leaves it entirely up to this Court to decide how best to determine reliability.

The government's burden in a given case is to prove the existence of the particular conviction on which it seeks to rely. It is not required to prove the reliability of its sources in the abstract but rather their reliability with respect to the particular conviction at issue. Specifically, the fact that non-judicial sources such as the NCIC and NYSPIN records are sometimes inaccurate does not preclude a finding that they are reliable with respect to Bryant's New York conviction. The Court will, therefore, consider any credible evidence, direct or indirect, that bears on the reliability of the previous sources to establish the fact of the New York conviction. See United

States v. Montero-Montero, 370 F.3d 121, 124 (1st Cir. 2004) (distinguishing remand based upon judicial error, where factfinding is generally permissible, from remand due to the prosecution's failure to adduce sufficient proof).

The records submitted by the government appear accurate and confirm the information contained in the records from NCIC and NYSPIN and from NYDOCS.  Indeed, two documents are judicial records from the New York Supreme Court, which generally carry a presumption of reliability.  See Bryant, 571 F.3d at 155. Accordingly, the government has met its burden of showing the reliability of the sources relied upon to prove the fact of the New York Conviction.

**B.   Reconsideration of the Prior Sentence**

Bryant contends, in the alternative, that if the Court considers the new evidence submitted by the government, it should also revisit the sentence as a whole, considering, for example, new evidence of Bryant's rehabilitation.  The Court declines to do so.  First, such an approach is disfavored by First Circuit precedent.  In United States v. Ticchiarelli, the court held that

> [t]he mandate rule ... does not permit de novo resentencing as to all aspects of a sentence when a sentence has been vacated [and that it was error to consider a conviction that was] neither related to the reason for the remand nor ... fit within an exception to the mandate and law of the case doctrines.

171 F.3d 24, 35 (1st Cir. 1999).  The same is true here, where the First Circuit has remanded for a particular purpose and no

-5-

exceptional circumstances favor departing from that order.

Nor is Bryant's invocation of post-sentencing rehabilitation grounds for departure from the original sentence.  Bryant argues that under United States v. Bradstreet, 207 F.3d 76 (1st Cir. 2000), post-sentencing rehabilitation is always a factor that the court may consider in departing downward at re-sentencing.  Even assuming that Ticchiarelli does not foreclose that argument (as this Court believes it does), Bradstreet instructs only that a court may consider such factors on re-sentencing.  At the original sentencing, this Court considered several compelling factors cited by Bryant again here in departing downward from the GSR of 151-188 months to 90 months.  Although Bryant's continued good behavior is laudable, the only new facts (participation in drug abuse programs, vocational training and sports) do not warrant reconsideration of the original sentence.  As such, the Court would impose the same sentence even if it were to account for post-sentencing rehabilitation.

**ORDER**

In accordance with the foregoing, the Court reimposes the same sentence of ninety (90) months incarceration, five (5) years of supervised release and the same remaining conditions as originally ordered on December 28, 2007 (<u>see</u> Docket No. 36).

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated October 30, 2009